# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (Richmond Division)

**KALMAN SAFFRAN**

Case No. 3:25-cv-233

           Plaintiff,

v.

**CONTRACT TRANSPORTATION SYSTEMS, CO.**
SERVE: Corporation Service Company, Registered Agent
251 Little Falls Drive
Wilmington, DE 19808

and

**THE SHERWIN-WILLIAMS COMPANY**
SERVE: Corporation Service Company, Registered Agent
1160 Dublin Road
STE 400
Columbus, OH 43215

and

**TONEY GARRETT, SR.**
SERVE: 214 N. S. A. Gilliam St.
Pinetops, NC 27864

           Defendants.

## COMPLAINT

Plaintiff, Kalman Saffran moves for judgment against the Defendants Contract transportation Systems, Co. ("CTS"), The Sherwin-Williams Company ("Sherwin-Williams"), and Toney Garrett, jointly and severally, and in support of his Complaint, alleges as follows:

## PARTIES

1. Plaintiff Saffran is a citizen of Florida.

2. Defendant CTS is a citizen of Delaware.

3. Defendant Sherwin-Williams is a citizen of Ohio.

4. Defendant Garrett is a Citizen of North Carolina.

5. Upon information and belief, at all relevant times Defendant Garrett was an agent or employee of Defendant CTS.

6. Upon information and belief, at all relevant times Defendant Garrett was an agent or employee of Defendant Sherwin-Williams.

7. At all relevant times, Defendant Garrett was acting within the scope of his employment, agency, or master-servant relationship with Defendant CTS.

8. At all relevant times, Defendant Garrett was acting within the scope of his employment, agency, or master-servant relationship with Defendant Sherwin-Williams.

9. Upon information and belief, at all relevant times Defendant CTS was subject to the control of Defendant Sherwin-Williams and was an agent or employee of Defendant Sherwin-Williams.

10. At all relevant times, Defendant CTS was acting within the scope of its employment, agency, or master-servant relationship with Defendant Sherwin-Williams.

**JURISDICTION AND VENUE**

11. Jurisdiction is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Florida and Defendants are citizens of Delaware, North Carolina, and Ohio, and the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

12. Venue is proper within the Eastern District of Virginia, Richmond Division, because the events or omissions giving rise to the claims alleged in this Complaint occurred in Chesterfield County, Virginia.

**INTRODUCTION AND FACTS**

13. This is an action for damages suffered by Plaintiff as a direct and proximate result of a hit and run motor vehicle crash that occurred on November 9, 2023, in Chesterfield County, Virginia, during which crash the tractor trailer driven by Defendant Garrett changed lanes into the lane in which Mr. Saffran's vehicle was traveling, contacted Mr. Saffran's vehicle, and caused Mr. Saffran's vehicle to crash into the guard rail on the right, bounce across the rode and hit the jersey wall in the median, and come to rest in facing the wrong direction in the left lane on Interstate 95 South.

14. On or about November 9, 2023, at approximately 1:00 PM, Mr. Saffran was operating a motor vehicle in the center lane of Interstate 95 South at or near mile marker 66.

15. At the same time and place, Defendant Garret was operating a blue Sherwin Williams tractor trailer in the far-left hand lane of Interstate 95 South.

16. At the same time and place, Defendant Garrett caused his tractor trailer truck to change lanes into the center lane and strike Mr. Saffran's vehicle.

17. Defendant Garrett brought his tractor trailer to a stop, exited his vehicle, and then walked back towards Mr. Saffran's disabled vehicle before returning to his tractor trailer and leaving the scene without calling 911, providing his information to Mr. Saffran or checking on Mr. Saffran.

18. Defendant Garrett had a duty to use ordinary care to keep a proper lookout, to keep his vehicle under proper control to operate his vehicle at a reasonable speed under the existing conditions, to drive as nearly as practicable within a single lane and not to move from that lane until he used ordinary care to see that the movement could be made with safety, and to stop and provide his information and render reasonable assistance to Mr. Saffran.

19. Defendant Garrett breached these duties and was negligent.

20. Defendant CTS and Defendant Sherwin-Williams are vicariously liable for the negligence of Defendant Garrett.

21. The crash occurred as a direct and proximate cause of Defendant Garrett's negligence, which caused Mr. Saffran to suffer the following damages: severe and permanent bodily injuries; physical pain and mental anguish, past, present, and that which he may be reasonably expected to suffer in the future; inconvenience, past, present, and that which he may be reasonably expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; loss of earning capacity, past, present, and that which he may be reasonably expected to suffer in the future; disfigurement and deformity and associated embarrassment; and has otherwise been damaged.

22. After the crash, Defendant Garrett stopped and exited his vehicle and proceeded to walk back toward the crash scene to render reasonable assistance to Mr. Saffran.

23. Having undertaken to render assistance to Mr. Saffran, Defendant Garrett abandoned his undertaking, turned around, walked back to his truck, and fled the scene.

24. As a result of Defendant Garrett abandoning Mr. Saffran and his destroyed vehicle in heavy traffic on Interstate 95, Mr. Saffran was placed in reasonable fear for his life and additional bodily harm, increasing the mental anguish associated with his physical injuries, his inconvenience, and otherwise harming him.

25. Having seen the damage to Mr. Saffran's vehicle and the heavy traffic on the interstate, Defendant Garrett knew or should have known that abandoning Mr. Saffran was likely to result in harm to Mr. Saffran.

26. Defendant Garrett's conduct amounted to a willful and wanton disregard of the Plaintiff's rights under the circumstances.

Trial by jury is demanded.

Plaintiff reserves the right to amend this Complaint as necessitated by discovery.

**WHEREFORE**, Plaintiff prays for judgment and an award of execution against Defendants in the sum of THREE MILLION DOLLARS ($3,000,000.00), jointly and severally, and an award of punitive damages against Defendant Garrett in the sum of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) plus costs of this suit, all applicable interest, and such other and further relief as this Court deems just and proper.

TRIAL BY JURY IS DEMANDED.

                                          Respectfully submitted,

                                          <u>/s/ Christopher P. Yakubisin, Esq.</u>
Michael G. Phelan, Esq. (VSB No. 29725)
Christopher P. Yakubisin, Esq. (VSB No. 91186)
PHELAN PETTY, PLC.
3315 West Broad Street
Richmond, VA 23230
804-767-6316 – Direct
804-767-4601 – Facsimile
mphelan@phelanpetty.com

**ATTORNEYS FOR PLAINTIFF**